**KOOB & MAGOOLAGHAN**
By: Elizabeth L. Koob [EK0428]
<u>Attorneys for Plaintiff</u>
19 Fulton Street, Suite 408
New York, New York 10038
Tel.: (212) 406-3095


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X

| | |
|---|---|
| **CHRISTINA RUMIEZ,,** | **COMPLAINT** |
| Plaintiff, | 06 CV 7663 |
| -against- | "ECF CASE" |
| **THE HARTFORD a/k/a HARTFORD LIFE GROUP INSURANCE COMPANY; CNA GROUP LIFE ASSURANCE COMPANY; CONTINENTAL CASUALTY COMPANY; THE ESTEE LAUDER COMPANIES LTD PLAN ADMINISTRATOR; and THE ESTEE LAUDER COMPANIES,** | |
| Defendants. | |

----------------------------------------X

Plaintiff **CHRISTINA RUMIEZ**, by and through her attorneys **KOOB & MAGOOLAGHAN**, hereby alleges as follows:

**PRELIMINARY STATEMENT**

1. This is a suit by a participant of an employee benefit welfare plan to obtain payment of disability benefits.

2. Plaintiff CHRISTINA RUMIEZ claims that she should be awarded a disability benefit under the Group Disability Insurance Plan ("the Plan") provided by her employer, Defendant

THE ESTEE LAUDER COMPANIES ("Estee Lauder") and insured under a policy issued to Estee Lauder and serviced by Defendants THE HARTFORD a/k/a HARTFORD LIFE GROUP INSURANCE COMPANY ("Hartford") and/or CNA GROUP LIFE ASSURANCE COMPANY ("CNA") and underwritten by Defendant CONTINENTAL CASUALTY COMPANY ("Continental") (Hartford, CNA, and Continental referred to separately and jointly as "Insurer").

3. Plaintiff seeks declaratory and compensatory relief pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. sections 1001 <u>et seq.</u>, specifically that the Court direct the Defendants that disability benefits be awarded continued from January 11, 2005, that all back benefits due under the plan be paid with interest, and that attorneys fees be awarded Plaintiff.

## JURISDICTION

4. The Court has jurisdiction of this matter pursuant to the Employee Retirement Income and Security Act of 1974, as amended, 29 U.S.C. §§ 1001 <u>et seq.</u> ("ERISA"), and more particularly 29 U.S.C. §§ 1132 (a)(1)(B), (a)(3), and (c)(1) and (3), (g), as well as 28 U.S.C. §§ 1331, 2201, and 2202.

## VENUE

5. Venue is in the Southern District of New York because the Plaintiff was employed and the claim arose in this district, and because Defendants were at all relevant times authorized to do business and/or had offices in this district, pursuant to 29 U.S.C. §§ 1132 (e) and 28 U.S.C. §§1391(a) and (c).

## THE PARTIES

2

6. At all material time, Plaintiff CHRISTINA RUMIEZ was an employee of Estee Lauder and a participant and beneficiary of the Estee Lauder Companies Long Term Disability Plan ("the Plan"), and a beneficiary of an insurance policy issued and/or serviced CNA and/or Hartford to Estee Lauder, and underwritten by Continental, for the purpose of paying benefits to its employees under the plan. Plaintiff presently is a resident of this District and presently resides in New York, New York.

7. Each Defendant Insurer is or was at relevant time an insurance corporation organized and existing under the laws of the State of New York.

8. Upon information and belief, Defendant Estee Lauder is a New York corporation and at all material times was Plaintiff's employer and the plan sponsor and administrator for the Plan.

9. The Plan is a ERISA welfare benefits plan established for the purpose of providing group disability benefits to Estee Lauder employees.

**STATEMENT OF FACTS**

10. Plaintiff was born on January 10, 1964 in Michigan and attended Purdue University for three years and the American Musical and Dramatic Academy for one year. From April 1997 to the time of her disability in July, 2002 Plaintiff worked for Estee Lauder. At the time of her stopping work due to disability her position was Administrative Assistant to the Vice President of Finance at Estee Lauder, with an annual salary of approximately $49,000.

11. During the year 2000 Plaintiff began exhibiting symptoms of Chronic Fatigue Syndrome, for which she sought medical treatment and which was in due course diagnosed by Dr. Susan Levine, a recognized expert in the illness.

12. Up to the beginning period of her illness Plaintiff received consistently high

3

performance evaluations and praise for her work. At one point she was assistant to two executives and worked for nine other people, managing their schedules, phone calls, preparing budget reports and doing computer work.

13. When her symptoms increased in intensity Plaintiff began having great difficulty performing the duties of her position and even attending work. Her co-workers were aware of her poor health.

14. In July, 2002 Plaintiff ceased work and applied for disability benefits based on her illness of Chronic Fatigue Syndrome ("CFS") and the medical opinions of her treating physicians.

15. Plaintiff has no history of mental illness. After mother died, Plaintiff saw a Certified Social Worker for therapy for mourning the loss of her mother.

16. Besides CFS Plaintiff was also diagnosed as having Fibromyalgia, multiple chemical sensitivities, orthostatic intolerance, allergies, and cognitive disorder secondary to CFS.

17. Plaintiff subsequently also applied for long term disability benefits under the Plan policy.

18. Plaintiff submitted opinions and medical records from treating physicians in support of her application for benefits, including an opinion from a second nationally recognized expert in CFS, Dr. David Bell.

19. Defendant CNA determined that Plaintiff's claims would be reviewed for application of the policy limitation to 24-months benefits for disabilities caused by mental illness, even though Plaintiff had no history of mental illness.

20. Despite contrary medical evidence CNA's medical reviewers determined that

Plaintiff's disability arose from the mental illness of "somatization disorder." The reviews did not follow accepted standards of psychiatric or psychologic evaluations in conducting their reviews and in the opinions they rendered.

21. After filing an appeal and the submission of further proof of her disability, Plaintiff was notified by letter dated September 22, 2003 that her claims for short and long term disability benefits was approved "for a mental nervous condition" and would be limited, under the long term policy, to 24 months of benefit payments. It is unclear whether this determination was made by an employee or employees of Defendant CNA, Hartford, or Continental.

22. Plaintiff appealed the determination, submitting additional proof of disability caused by physical, not mental, illnesses.

23. More specifically, Plaintiff's appeal included as a submission a comprehensive sixteen page report of a psychiatric evaluation of Plaintiff conducted by Theodore H. Mueller, M.D. from Yale University School of Medicine. The evaluation took place over two days for a period of five hours and included eleven hours of psychological testing over a three day period by Madeline Baronski, Ph.D., also of Yale University. The report, dated September 7, 2004 concludes with great certainty that Plaintiff is disabled and that her disability is based on physical, not mental, illness.

24. Moreover, Dr. Mueller in his report explains in very specific detail why the opinions set forth in the Insurer's psychiatric reviews are untrustworthy and wrong.

25. Despite the overwhelming evidence supporting Plaintiff's disability from physical illness, Hartford, by letters dated January 4, 2005, and on further consideration, April 18, 2005, notified Plaintiff that her appeal was denied and the mental and nervous condition limitation

termination was being upheld.

26. More specifically, the April 18, 2005 letter stated that although "Plaintiff suffers from many different medical conditions, the medical evidence fails to support that such conditions impair her ability to perform the duties of her occupation from a physical standpoint. . .[but supports impairment] as a result of a mental/emotional condition such as Undifferentiated Somatoform Disorder and *perhaps* a mood disorder." (Emphasis ours).

27. Upon information and belief, and based upon the reports submitted in this case, the Insurer's reviewers were tainted by their bias against finding Plaintiff physically disabled.

28. None of the reviewing doctors upon whom Hartford relies in upholding its termination of benefits conducted their reviews in accordance with accepted standards of medical or psychiatric practices.

29. Moreover, the Insurers' reviewers ignored completely Plaintiff's symptoms of severe debilitating fatigue, cognitive difficulties and other numerous symptoms, giving no consideration to how these symptoms would necessarily impair Plaintiff's physical ability to work at a full-time job.

30. The Insurers' reviewers gave no sound reason nor any basis for disregarding the opinions of Plaintiff's treating physicians and expert consultants.

31. The review process employed by Hartford, CNA and/or Continental, including but not limited to its determined intent to apply the limitation for mental and nervous conditions; its reliance on incorrect or unsubstantiated conclusions, its constant request for information from claimant, its use of biased medical reviewers, its failure to conduct a full investigation, and its unfair interpretation of vague policy terms, show bad faith in its review of this claim.

32. There is no evidence in the record that the Plan granted Hartford the discretionary decision-making authority to interpret the terms of the policy or to make benefit decisions.

33. Hartford does not have discretionary decision-making authority over Plaintiff's claim.

34. The substantial evidence in the record supports the conclusion that Plaintiff is entitled to a continuation of benefits from January, 2005 forward, and entitled to interest on any back benefits due her.

35. Defendant Hartford and/or CNA and/or Continental unreasonably and arbitrarily and capriciously interpreted the limitations in the policy to apply to Plaintiff's claims.

36. Defendant Hartford and/or CNA and/or Continental unreasonably and arbitrarily and capriciously interpreted the terms of the Policy and the Plan to preclude coverage for Plaintiff's disabling conditions.

37. Defendant Hartford and/or CNA and/or Continental did not afford Plaintiff a fair and full review of her claim as required by law.

38. The substantial evidence supports a finding of continued entitlement to benefits.

39. Defendant Hartford has a conflict of interest in this matter in that Plaintiff's claim was reviewed by employees of Hartford and Hartford has an interest in denying disability claims, particularly claims for illnesses for which there is no known treatment or cure, such as Chronic Fatigue Syndrome and Fibromyalgia.

40. Upon information and belief, Defendant Hartford and/or CNA and/or Continental denied Plaintiff benefits under the Plan as part of its policy and practice of unjustifiably denying or terminating disability claims, particularly those where the disability is based in large part on

subjective complaints or observations, in order to increase revenues for Defendant Hartford and the other Defendant Insurers.

41. Upon information and belief Defendant Hartford knowingly and willfully violated its fiduciary and contractual obligations under the subject Policy and/or Plan by (a) wrongfully denying benefits; (b) ignoring the findings of the Social Security Administration; (d) ignoring or discrediting without good reason the reports of treating physicians; (e) ignoring time periods in deciding appeals; (f) withholding information requested by claimant; (g) arbitrarily interpreting vague contract terms in the insurer's favor; (h) neglecting to explain the basis for its decisions; (i) neglecting to inform claimant as to what information was needed to satisfy the requirements for coverage; (j) relying on opinions generated on paper reviews and/or limited examinations based on only selected medical records and performed by non-independent and/or non-competent reviewers; (k) failing to consider all available information supporting the claim; (l) denying Plaintiff's claim without a reasonable and adequate investigation based upon all available information; (m) compelling Plaintiff to institute litigation to recover amounts due her under the Plan; (n) failing to follow written protocols in making determinations on disability claims; and (o) otherwise failing to perform its obligations under the law and under the express terms of the Plan.

42. Plaintiff is and has been fully disabled since July, 2002 from Chronic Fatigue Syndrome, Fibromyalgia, and other physical illnesses.

43. Plaintiff has met her burden under the Plan of providing proof of her disability.

44. The refusal to pay disability benefits which are lawfully due and owing to Plaintiff constitutes a violation of ERISA and a wrongful withholding of benefits due under the Plan.

## FIRST CLAIM

[Claim for Disability Benefits]

45. Plaintiff incorporates by reference and realleges the contents of Paragraphs 1 through 44 above.

46. At the time of filing this complaint, the amount of unpaid disability benefits due to Plaintiff under the terms of the Disability Plan is approximately $35,000.00 plus interest.

47. By their failure and refusal to pay Plaintiff long-term disability benefits Defendants, and each of them, violated the terms of the Plan and Policy, and Plaintiff's rights to such benefits pursuant to ERISA Section 502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B).

48. Therefore Plaintiff is entitled to recover the past, present, and future benefits under the Plan, together with such interest as may make her whole, and fees and costs of this litigation.

## SECOND CLAIM

[Claim for Breach of Fiduciary Duty]

49. Plaintiff incorporates by reference and realleges the contents of Paragraphs 1 through 44 above.

50. As alleged Plan fiduciaries responsible for determining claims for benefits, Defendants, and each of them, were required to discharge the duties with respect benefit claims prudently, for the exclusive benefit of Plan participants and beneficiaries, and in accordance with the specific fiduciary obligations imposed therein and under the Plan documents.

51. In its decision to terminate Plaintiff's benefits without reasonable basis, Defendants acted arbitrarily and capriciously, in willful disregard of the terms of the Plan provisions, Plaintiff's rights, and the medical evidence submitted. At all material times, Insurers acted in

their own financial interest and with bias against Plaintiff's claim.  Accordingly, Defendants, and each of them, have breached their fiduciary obligations, engaged in prohibited self-dealing under ERISA and the Plan, and grossly neglected their duties to Plaintiff under ERISA and the Plan.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff respectfully prays to the Court to grant the following relief:

a.  Declaration that Defendants violated Plaintiff's rights under the terms of the Plan by failing to pay Plaintiff's group disability benefits;

b.  Declaration that Defendants have breached their fiduciary duties under the Plan by failing to pay disability benefits to Plaintiff;

c.  Judgment ordering that Defendant Hartford and/or CNA and/or Continental pay to Plaintiff group disability benefits in accordance with the terms of the Plan from the date of termination on or about January, 2005 through the date of the judgment;

d. Declaration that Plaintiff has the right to receive future group disability benefits in accordance with the terms of the Plan;

e. Order reinstating any ancillary health benefits or insurance coverage which Plaintiff lost as a result of the denial of benefits;

f.  Judgment ordering Defendant Hartford and/or CNA and/or Continental to be removed as Plan fiduciary and barring it from any further responsibility for claims determinations under the Plan;

g. Judgment ordering Defendant Hartford and/or CNA and/or Continental to pay interest on all back benefits due Plaintiff under the Plan, to the full extent permitted under law;

h.  Judgment ordering Defendant Hartford and/or CNA and/or Continental to pay

Plaintiff's reasonable attorneys fees and costs to the full extent permitted under the law; and

      i.  Such other and further relief which the Court deems equitable, just and proper.

Dated: New York, New York
        September 22, 2006

                                      Respectfully submitted,

                                      **KOOB & MAGOOLAGHAN**

                                      _S/ Elizabath L. Koob_
                                      By: Elizabeth L. Koob [EK0428]
                                      <u>Attorneys for Plaintiff</u>
                                      19 Fulton Street, Suite 408
                                      New York, New York 10038
                                      Tel.: (212) 406-3095